## Hiram Rogers agt. John W. Latson:

Where defendant seeks to be let in to defend a suit, where an inquest has been taken against him, and judgment entered, execution issued, and levy made, and it appears the plaintiff has been regular, he must show a *good excuse.*

Where defendant stated he left his place of residence in great haste, for a long journey, a few days previous to the circuit, and inadvertently omitted to request his attorney to employ counsel—at the place where the circuit was held— to defend the suit; *held,* insufficient, although he had filed and served an affidavit of merits, and swore to merits on the motion; the motion was *denied with costs.*

*September Term,* 1846.

Motion by defendant to set aside verdict, or for leave to come in and defend.

The cause was noticed for trial and inquest, for the Herkimer circuit, the first Monday of April last. Defendant resided in the city of New-York; plaintiff resided in Herkimer county, where the venue was laid. Action, *trespass de bonis asportatis,* for taking timber, logs and lumber. Defendant filed and served an affidavit of merits. On the last day of the circuit, or the last but one, the cause was called on the calendar by the circuit judge; and no one appearing for the defendant, plaintiff took an inquest, and entered judgment

Rogers agt. Latson.

upon the verdict, on the 9th day of April, for $321.90. The verdict was for $259.52. Defendant alleged that that amount was over $100 more than the value of the property alleged to have been taken. Plaintiff's papers contained a full and particular statement of the whole claim; and alleged the verdict was for the just amount due. Costs were taxed on notice to defendant's attorney. Execution issued and levy made.

Defendant stated his execution to be let in to defend, as follows: " that for some time prior to the 3rd of April last, deponent had contemplated leaving the city of New-York for St. Louis and other places beyond there, upon urgent business; that though he had contemplated leaving the city, his departure at the time he did leave was unexpected; that on the third day of April last, this deponent left the city of New-York and went to the state of Missouri, and did not return until the fourth or fifth day of June instant (1846); that before leaving, deponent intended, through his attorney, who resides in the city of New-York, to have employed counsel in Herkimer county, to have defended the suit; but, in his haste in leaving *the city of New-York for the [*278] west, he inadvertently omitted to leave instructions with his said attorney; that, in consequence thereof, no one appeared on behalf of this deponent at the trial of said cause." Defendant swore to merits in the same affidavit.

E. S. CAPRON, *defendant's counsel.*
C. C. MARSH, *defendant's attorney.*
P. CAGGER, *plaintiff's counsel.*
BENTON & BARRETT, *plaintiff's attorneys.*

BRONSON, Chief Justice. Held, that the defendant's excuse was insufficient; no wrong had been done by the judgment. *Motion denied with costs.*